**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Catherine COOLEY, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Charles Joseph Fain, Defendant—**
**Appellant.**

**Nos. 01–30444, 01–30453.**
**D.C. No. CR–01–05120–JET,**
**CR–01–05120–JET–01.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided June 17, 2003.

Before B. FLETCHER, KLEINFELD, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Defendants–Appellants Charles Joseph Fain ("Fain") and Catherine Cooley ("Cooley"), who were tried together, each were convicted in a bench trial of one count of conspiracy in violation of 18 U.S.C. § 371, four counts of mail fraud in violation of 18 U.S.C. § 1341, and six counts of bank fraud in violation of 18 U.S.C. § 1344. On appeal, Fain and Cooley challenge the sufficiency of the evidence supporting their convictions, the district court's calculation at sentencing of their offense levels and of the amount of loss, and the district court's decision to depart upward as to Fain's criminal history and offense level. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants argue that there was insufficient evidence to support their convictions for mail fraud because all of the mailings at issue—i.e., the mailing of the recorded documents to the companies that the appellants owned—took place *after* the fraudulent conduct—i.e., the fraudulent transfers, which were effected by recording the various documents, not by their subsequent mailing. However, the law does not require that the mailings come first, so long as they are "part of the execution of the scheme as conceived by the perpetrator at the time." *Schmuck v. United States,* 489 U.S. 705, 715, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); *see also, e.g., United States v. Lo,* 231 F.3d 471, 479

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2000) (citing *United States v. Maze,* 414 U.S. 395, 403, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974)); *United States v. Miller,* 676 F.2d 359, 362 (9th Cir.1982). The district court did not err in concluding that the mailings here were a part of Fain's and Cooley's scheme.

▆▆▆ Fain and Cooley also challenge the district court's imposition of vulnerable-victim and aggravating-role enhancements in its calculation of their offense levels. They claim that (1) there was insufficient evidence to support the conclusion that the victims were elderly because the victims did not testify specifically as to their ages, and (2) there was no basis to conclude that their criminal activity was "otherwise extensive" within the meaning of U.S.S.G. § 3B1.1. These arguments are also without merit. There is no requirement that the victims must testify to their ages in order for the district court to conclude that they are elderly. *E.g., United States v. Mendoza,* 262 F.3d 957, 962 (9th Cir.2001); *United States v. Scrivener,* 189 F.3d 944, 951 (9th Cir.1999). As to the extent of the criminal enterprise, the district court did not abuse its discretion in finding that the appellants' conduct was "otherwise extensive" because Cooley and Fain used and supervised many individuals to execute the conspiracy and fraudulent schemes. Moreover, there were twenty victims, the amount of money obtained exceeded one million dollars, and the criminal acts spanned more than five years and involved numerous corporations and many separate transactions. *See United States v. Govan,* 152 F.3d 1088, 1096 (9th Cir. 1998) (finding that a conspiracy was clearly "otherwise extensive" because it involved interstate travel, a large number of victims, and nearly $100,000 in robbery proceeds).

▆▆▆ Next, Fain and Cooley maintain that the district court overcalculated the amount of loss at $1,569,500 because it failed to offset that amount by the amount of the recoupment made by some of the victims, as required under U.S.S.G. § 2B1.1, cmt. 2(E)(ii). The district court declined to apply recoupment that was in the form of collateral pledged against some of the loans to its calculations because it found that the collateral was itself part of the fraudulent scheme and not intended to reduce the amounts defrauded. *See United States v. Hutchison,* 22 F.3d 846, 855 (9th Cir.1993) (holding that, under "intended loss" framework, when defendant has no intent to repay loan, "loss" within the meaning of the Guidelines is the gross value of the loan). The district court did not err in its calculations, and it did not abuse its discretion in failing to hold an evidentiary hearing on the issue.

▆▆▆ Finally, Fain challenges the district court's decision to depart upward based on (1) the inadequacy of his criminal history under U.S.S.G. § 4A1.3 and (2) the combination of "multiple vulnerable victims" and Fain's "threatening behavior" under U.S.S.G. § 5K2.0. As to the criminal history issue, the district court did not err in concluding that Fain's uncounted criminal conduct, including a three-count jury conviction for first-degree theft in 1981, indicated a likelihood of reoffense not adequately reflected in a criminal history category of I. *See United States v. Durham,* 941 F.2d 858 (9th Cir.1991). The district court also did not err in basing its upward departure on findings of fact in a 1995 civil fraud case in which the judge specifically found that Fain had committed the act of forging a promissory note. *See* U.S.S.G. § 4A1.3(c).

Finally, the district court did not err in increasing Fain's offense level by two points under U.S.S.G. § 5K2.0 because of the presence of multiple vulnerable victims and because Fain's threatening behavior toward his employee took his case outside

of the heartland of similar cases. *See Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *Scrivener,* 189 F.3d at 951–53.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.